# EXHIBIT 16



FILED
San Francisco County Superior Court

FEB 02 2015

CLERK OF THE COURT
BY: _____
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO

| EMILY GRACE DOTEGOWSKI, ET AL., | Case No. CGC – 10-506794 |
|---|---|
| Plaintiffs, | |
| vs. | ORDER RE: MOTIONS IN LIMINE AND TO BIFURCATE (PUNITIVE DAMAGES & STATUTE OF LIMITATIONS) |
| ABBOTT LABORATORIES, INC., ET AL., | |
| Defendants. | |

I heard extensive argument on motions in limine on December 9, 2014 and January 9, 2015 (the latter date included argument on the statute of limitations and an associated bifurcation motion). On January 9, I provided an additional 14 days for the parties to supply considered witness list for the proposed bifurcated trial on statute of limitations, such that the all issues would be deemed submitted by January 23, 2015.

This order reflects my rulings on all captioned motions. In short, there are various ruling on in limine motions, and I grant the motion to bifurcate on the statute of limitations.

Parties unsuccessful in seeking the exclusion of evidence may suggest a short limiting instruction.

1

There is no basis to suggest any of the alleged failures or reporting violations had any effect on labels. Blume only testifies only that delays "may" have delayed getting information to the FDA, prescribers and patients. Thus this is speculation. None of the bases she cites supports her conclusion; many of the asserted reporting violations occurred after plaintiff's injury. While one document (Ex. 8) may be some support, there's no showing that Blume would rely solely on this to provide an opinion. Under § 352, the exceedingly minimal relevance is far outweighed by the serious risk that the jury would conclude Abbot was trying to withhold data from the FDA and seek to punish it for that behavior.

#9     **Exclude evidence that Abbott should have established a registry of pregnant women who were exposed to Depakote**

Ruling: Grant.

Abbott argues plaintiffs' experts offer only unfounded speculation with respect to whether additional knowledge was reasonably obtainable through a pregnancy registry. I agree.

Blume's expert report does little more than note that Abbott knew of problems with Depakote as early as 1982, but did not participate in a pregnancy registry until 1996 and as a result of that participation new risk data was added to Depakote labeling in 2006. Brahmbhatt Declaration, Ex. 1 at 68. Oakley goes farther, opining that Abbott could and should have initiated a registry in the early 1980s. Id., Ex. 7 at 3. Oakley's opinion that a registry could have been created is based on (1) his understanding of what a registry is – people with an exposure are followed up on, to look for health outcomes that may result from the exposure – and (2) the fact that registries had been used prior to the 1980s. Id., Ex. 7 at 7. Oakley has experience with registries generally. Id., Ex. 7 at 1-2. Notably,

12

Oakley does not say that a registry would have worked. Blume comes closer to implying as much, based on the eventual success of the 1996 registry. Id., Ex. 1 at 68. But this is no better than arguing that because one study worked another would have, or because one statistical sampling was valid, a different one is as well. Far more must be shown to establish the inferences of validity and feasibility. Without evidence that the registry would have worked, discussing Abbott's failure to create a registry is a speculative endeavor that will only serve to prejudice Abbott. Plaintiffs have not established the number of individuals that would have made a registry worthwhile, or whether such a critical mass could have been obtained at some earlier time.

#10   **Exclude reference to injuries or conditions suffered by others whose mother took Depakote; including adverse event reports (AERs) made by Abbott to the United States Food and Drug Administration**

Ruling: Grant.

Defendant agrees it is not here contesting the use of these items by experts. The parties also agree these reports are hearsay and cannot come in for the truth. Thus we move on to the extent to which these might come in for e.g. notice to Abbott of e.g., risk of spina bifida. Those that came in after Emily's birth are obviously irrelevant. But the issue in this case is notice that Depakote posed a *relatively* higher risk of adverse effects than comparable drugs, and nothing in these reports addresses that. Some of these reports are very poor evidence of notice, as they disclaim the suggestion of causation as between dosage and injury, or indeed that the drug is the cause of injury at all. The risk of prejudice under § 352 is very high indeed, as the jury might conclude these are formal reports of what Depakote in fact will do.

13