# EXHIBIT 5

Confidential - Subject to Further Confidentiality Review

Page 1

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| B.P., A MINOR, BY DAWN FRAGNOLI INDIVIDUALLY AS PARENT AND NEXT FRIEND, | ) No. 13-cv-324-SCW ) ) |
| Plaintiffs, | ) |
| J.B., A MINOR, BY LINDA LEJEUNE INDIVIDUALLY AS LEGAL CUSTODIAN AND NEXT FRIEND, | ) No. 13-cv-326-SCW ) ) |
| Plaintiffs, | ) |
| vs. | ) |
| ABBOTT LABORATORIES, INC., | ) |
| Defendant. | ) |

- C O N F I D E N T I A L -

SUBJECT TO FURTHER CONFIDENTIALITY REVIEW

The videotaped deposition of JAMES EMBRESCIA, D.O., called for examination, taken pursuant to the Federal Rules of Civil Procedure of the United States District Courts pertaining to the taking of depositions, taken before JULIANA F. ZAJICEK, CSR No. 84-2604, a Certified Shorthand Reporter of said State of Illinois, at the offices of Bryan Cave LLP, Suite 4300, 161 North Clark Street, Chicago, Illinois, on February 12, 2014, at 9:08 a.m.

Confidential - Subject to Further Confidentiality Review

Page 181

1  based on that from a scientific perspective.
2      Q.   To your understanding, if you have a
3  warning that says Depakote cause -- can cause
4  teratogenic effects, you have that in the warning, and
5  you have studies such as the one we just looked at
6  that add information on that same subject, they
7  quantify it, they offer odds ratios, they add new
8  population base studies or registries, would you agree
9  that that information is information the drug company
10 has a duty to assess and evaluate regarding the safety
11 profile of their drug?
12     MR. MacWILLIAMS:  Objection; form and
13 foundation.
14 BY THE WITNESS:
15     A.   So I would agree that the company should
16 review what's available, but it doesn't -- so not
17 every article is -- every article or study is valuable
18 information, sometimes they are poorly done, sometimes
19 they don't make sense, but you -- but we look at the
20 data and we take that into account in the context of
21 all of the other data available.
22 BY MR. HENDERSON:
23     Q.   Okay.  Just because there is a warning
24 about birth defects in the Depakote label, that does

Confidential - Subject to Further Confidentiality Review

Page 182

```
 1   not excuse Abbott in any way --
 2       A.    No.
 3       Q.    -- from doing pharmacovigilance, correct?
 4       A.    No, no.
 5       Q.    Okay.  And that doesn't excuse the company
 6   from modifying the label if the evolving science
 7   warrants a change in the label, correct?
 8       MR. MacWILLIAMS:  Objection; form and
 9   foundation.
10   BY THE WITNESS:
11       A.    So, we -- we don't look at what -- we
12   don't look at just what's in the label and say you
13   never look at anything else.  We always continue to
14   look at all safety of the -- from a pharmacovigilance
15   perspective, again.  My group looks at all of the
16   adverse events we get, we look at the literature we
17   get, we look at all of the other pieces of information
18   and we make our assessments based on all data,
19   regardless of where it's in the label or not.
20                (WHEREUPON, a certain document was
21                 marked Deposition Exhibit No. 298,
22                 for identification, as of 2/12/14.)
23   BY MR. HENDERSON:
24       Q.    Here is Exhibit 298.  And you referred to
```

Confidential - Subject to Further Confidentiality Review

Page 419

1   REPORTER'S CERTIFICATE

2         I, JULIANA F. ZAJICEK, C.S.R. No. 84-2604,

3   a Certified Shorthand Reporter, do hereby certify:

4         That previous to the commencement of the

5   examination of the witness herein, the witness was

6   duly sworn to testify the whole truth concerning the

7   matters herein;

8         That the foregoing deposition transcript

9   was reported stenographically by me, was thereafter

10  reduced to typewriting under my personal direction and

11  constitutes a true record of the testimony given and

12  the proceedings had;

13        That the said deposition was taken before

14  me at the time and place specified;

15        That I am not a relative or employee or

16  attorney or counsel, nor a relative or employee of

17  such attorney or counsel for any of the parties

18  hereto, nor interested directly or indirectly in the

19  outcome of this action.

20        IN WITNESS WHEREOF, I do hereunto set my

21  hand on this 22nd day of February, 2014.

22

23        _____

24        JULIANA F. ZAJICEK, Certified Reporter