# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| H.B., a minor, by STACY BARTOLINI, individually and as parent and next friend of H.B., | )<br>)<br>) |
| Plaintiffs, | )<br>) Case No. 15-cv-702-NJR-SCW<br>) |
| v. | ) JURY TRIAL DEMANDED<br>) ON ALL COUNTS |
| ABBOTT LABORATORIES INC., | )<br>) |
| Defendant. | )<br>)<br>) |

**JOINT STIPULATION AND PROPOSED ORDER CONCERNING MOTIONS *IN LIMINE* IN ADVANCE OF TRIAL IN *H.B. V. ABBOTT LABORATORIES INC.***

Plaintiffs and Defendant Abbott Laboratories Inc. ("Abbott") agree not to mention the following topics in front of any jurors or venirepersons, with the caveat that either party can approach the bench for a ruling from the Court if they believe circumstances at trial so warrant.

Plaintiffs and Abbott hereby stipulate and agree that:

1. Consistent with Judge Rosenstengel's prior ruling in *Kaleta* (Doc. 285), Plaintiffs agree not to mention that Abbott should have implemented a developmental delay warning prior to H.B.'s conception or that Abbott could have employed the CBE process to change the Depakote black box warning.

2. Consistent with Judge Rosenstengel's prior rulings in *Kaleta* (Doc. 289) and *Raquel* (Doc. 268), Plaintiffs agree not to mention the May 2012 plea agreement, civil settlement, and corporate integrity agreement.

3. Consistent with Judge Rosenstengel's prior ruling in *Kaleta,* Plaintiffs agree not to mention other Depakote lawsuits, claims, or investigations. The scope of questioning of

expert witnesses about their involvement in other Depakote cases will be addressed at the time of trial.

4. Consistent with Judge Rosenstengel's prior ruling in *Kaleta*, Plaintiffs agree not to mention discovery disputes, motions, court orders, deposition objections or disputes, document retention policies, and unavailable witnesses.

5. Consistent with Judge Rosenstengel's prior ruling in *Kaleta*, Plaintiffs agree not to mention the FDA's new labeling requirements (e.g. that the pregnancy categories are no longer used).

6. Consistent with Judge Rosenstengel's ruling in *Raquel*, the Parties agree not to mention post-conception labeling and regulatory communications. The Parties also agree not to introduce regulatory communications that pre-date Plaintiff's conception but that relate to a label change/approval that occurred after Plaintiff's conception.

7. Consistent with Judge Rosenstengel's prior ruling in *Raquel*, Plaintiffs agree not to mention the December 3, 2009 FDA Alert.

8. Consistent with Judge Rosenstengel's prior ruling in *Raquel*, Plaintiffs agree not to mention the document titled "Neurology Consultant Meeting" (also known as Exhibit 921 to the deposition of Lawrence Carbone and "Carbone 921") and any other suggestions that Depakote should have been prohibited for the treatment of epilepsy in women of childbearing years. However, consistent with the Court's ruling in *Raquel*, Plaintiffs reserve their right to offer evidence that Depakote's labeling should have advised physicians that Depakote should not be used to treat women of childbearing age unless all other medications have failed to control their symptoms or are otherwise unacceptable.

9. Consistent with Judge Rosenstengel's prior ruling in *Raquel,* Plaintiffs agree not to mention promotional, marketing, or sales activities or materials of Abbott that post-date the March 2004 conception of H.B without first seeking a ruling from the Court

10. Consistent with Judge Rosenstengel's prior ruling in *Raquel,* Plaintiffs agree not to refer to codes of business conduct, ethical guidelines, or similar documents that were promulgated by Abbott, the Food and Drug Administration, the Pharmaceutical Research and Manufactures of America, the International Federal of Pharmaceutical Manufacturers, or any other entity (*e.g.*, the Mexico City Principles for Voluntary Codes of Business Ethics in the Biopharmaceutical Sector), without first requesting a ruling on the admissibility of or permissibility of any such reference.

11. Consistent with Judge Rosenstengel's prior ruling in *Kaleta,* Plaintiffs agree not to present photographic and video evidence, including any day-in-the life videos, without first showing copies to Abbott and receiving rulings from the Court to the extent Abbott has any objections.

12. Plaintiffs agree not to reference any "off-label" prescription or marketing of Depakote and further agree not to reference whether Stacy Bartolini's use of Depakote was "off-label."

13. The parties agree that no party shall refer to any Adverse Event Reports ("AERs") concerning the condition or injury of any other person without first requesting a ruling on the admissibility of or permissibility of any reference to any such AER.

14. The parties agree that no party shall refer to the size of any of the law firms of an opposing party's attorney; to the financial status or resources of any party's attorneys or any party's law firms, or any of those attorneys' other businesses or cases; to an opposing party's use

of consultants; to hotel accommodations for any of the lawyers, staff, or witnesses participating in trial; or to any party's fee agreement, including, but not limited to, who is paying expenses or who is responsible for expenses in connection with this litigation.

15. Plaintiffs stipulate that they do not intend to pursue a manufacturing defect claim—whether based on strict liability, negligence, breach of warranty, or any other ground recognized by governing law.

16. Plaintiffs stipulate that they do not intend to pursue a design defect claim—whether based on strict liability, negligence, breach of warranty, or any other ground recognized by governing law.

17. Abbott agrees not to mention that a verdict for Plaintiffs will adversely impact pharmaceutical companies' incentive/ability to develop new medications.

18. Abbott agrees not to mention that an award of damages in any Depakote case will adversely affect the ability of any member of the jury to purchase or have available medications in the future, or affect the cost thereof, or have any adverse effect on the medical or health products available to individuals or industries in the United States or worldwide.

19. Abbott agrees not to mention that a verdict for Plaintiffs will or could take away a prescription choice from doctors.

20. Abbott agrees not to mention that any Depakote case may have a negative impact on the stock value of Abbott's or any other publicly-traded pharmaceutical manufacturer.

21. Abbott agrees not to mention that a verdict for Plaintiffs will or could result in people losing their jobs or lead to lay-offs.

22. Abbott agrees not to mention that any Depakote case may cause an increase in the cost of purchasing or maintaining insurance.

23. Abbott agrees not to mention purported "litigation crisis," "lawsuit crisis," "lawsuit abuse," "lawyer driven litigation," or similar terms and phrases.

24. Abbott agrees not to mention that Abbott may have limited policy limits or cash, or the effect or results of such judgment upon the insurance rates, premiums, finances, or ability of Abbott to compete in the marketplace.

25. Abbott agrees not to mention that if Abbott is made to pay a judgment, it may negatively affect the economy in Illinois or any other state.

26. Abbott agrees not to mention that Plaintiffs' recovery, if any, may be subject to prejudgment interest or judgment interest.

27. Abbott agrees not to mention that Plaintiffs' recover, if any, will be increased or enhanced by operation of law.

28. The parties agree not to mention that the Court has expressed a particular view of the evidence in this case.

29. The parties agree not to mention (a) the financial status or resources of any attorneys or their law firms, or any of those attorneys' other businesses or cases; (b) the means of travel for any of the lawyers or witnesses involved in this case; and (c) hotel accommodations for any of the lawyers, staff, or witnesses participating in the trial.[1]

30. Abbott agrees not to mention Plaintiffs' fee agreement and who is paying expenses or who is responsible for expenses in connection with this litigation.[2]

---

[1] As the Court held in *Kaleta*, "Abbott contends that use of counsel's private jet for Plaintiffs' witnesses may be relevant to issues of credibility and bias. That issue will be taken up at the appropriate time during trial." (Doc. 286.)

[2] As the Court held in *Kaleta*: "Again, evidence relating to the compensation of Plaintiffs' experts may be relevant to issues of credibility and bias." (*Id*).

5

31. The parties agree not to mention any settlement negotiations offered or demanded by the parties to these lawsuits that have occurred or may occur prior to or during trial.

32. Abbott agrees not to mention the reasons or appropriateness of non-Illinois residents filing and/or pursuing a lawsuit in the Southern District of Illinois.

33. Abbott agrees not to mention that state law should be preempted by federal law.

34. Abbott agrees not to mention certain character evidence regarding Abbott, but if Plaintiffs open the door by attacking the character of Abbott's employees, Abbott may seek to admit testimony on the same issues.

So stipulated and agreed, this 28th day of September 2017:


*/s/ John T. Boundas (with consent)*
John T. Boundas
jboundas@williamskherkher.com
Williams Kherkher Hart Boundas, LLP
8441 Gulf Freeway, Suite 600
Houston, Texas 77017-5051
Telephone: (713) 230-2200
Facsimile: (713) 643-6226

*An Attorney for Plaintiffs Stacy Bartolini and H.B.*

So stipulated and agreed, this 28th day of September, 2017:


*/s/ Dan H. Ball*
Dan H. Ball
dhball@bryancave.com
Bryan Cave LLP
211 North Broadway, Suite 3600
St. Louis, Missouri 63102
(314) 259-2000 (telephone)
(314) 259-2020 (facsimile)

*An Attorney for Defendant Abbott Laboratories Inc.*


So ordered this ____ day of _____ 2017, in *H.B. v. Abbott Laboratories Inc.*

_____
Honorable Nancy J. Rosenstengel
United States District Court for the Southern District of Illinois