# EXHIBIT 10

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BRANDEN PURSLEY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 13-cv-324-NJR-SCW |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED ON ALL |
| ABBOTT LABORATORIES INC., | ) | COUNTS |
| | ) | |
| Defendant. | ) | |

## JOINT STIPULATION AND PROPOSED ORDER CONCERNING MOTIONS *IN LIMINE* IN ADVANCE OF TRIAL IN *PURSLEY V. ABBOTT LABORATORIES INC.*

Plaintiff Branden Pursley and Defendant Abbott Laboratories Inc. ("Abbott") agree not to mention the following topics in front of any jurors or venirepersons in this case, with the caveat that either party can approach the bench for a ruling from the Court if they believe circumstances at trial so warrant.

Plaintiff and Abbott hereby stipulate and agree that:

1.     Consistent with the Court's prior ruling in *Kaleta* (Doc. 285)*,* Plaintiffs agree not to mention or argue that Branden Pursley has or had any developmental delay and further that Abbott should have implemented a developmental delay warning (as discussed as part of *In re Depakote*, 87 F. Supp. 3d 916, 921-24 (S.D. Ill. Feb. 20, 2015)) prior to Branden Pursley's *in utero* exposure to Depakote.

2.     Consistent with the Court's prior rulings in *Kaleta* (Doc. 289) and *Raquel* (Doc. 268)*,* Plaintiffs agree not to mention the May 2012 plea agreement, civil settlement, and corporate integrity agreement, as discussed in the February 20, 2015 Memorandum & Order (Doc. 289) issued in *Kaleta v. Abbott Laboratories Inc.*, No. 14-cv-847 (Doc. 289) and *In re Depakote*, 2017 WL 2126837, at *8-*9 (S.D. Ill. May 16, 2017).

3.      Consistent with the Court's prior ruling in *Kaleta,* Plaintiffs agree not to mention other Depakote lawsuits against, claims against, or investigations of Abbott Laboratories Inc., Abbott Laboratories, or AbbVie Inc.  The scope of questioning of expert witnesses about their involvement in other Depakote cases will be addressed at the time of trial.

4.      Consistent with the Court's prior ruling in *Kaleta,* Plaintiffs agree not to mention discovery disputes, motions, court orders, deposition objections or disputes, document retention policies, and unavailable witnesses.

5.      Consistent with the Court's prior ruling in *Kaleta,* Plaintiffs agree not to mention the FDA's new labeling requirements (*e.g.*, that the pregnancy categories are no longer used).

6.      Consistent with the Court's ruling in *Raquel*, the parties agree not to mention post-conception labeling and regulatory communications.  The Parties also agree not to introduce regulatory communications that pre-date Plaintiff's conception but that relate to a label change/approval that occurred after Plaintiff's conception. However, Plaintiff reserves the right to offer subsequent labeling (a) to the extent that it is relevant to other issues, such as causation, and otherwise admissible and (b) after first requesting a ruling on the admissibility of or permissibility of any such offering.

7.      Consistent with the Court's prior ruling in *Raquel,* Plaintiffs agree not to mention the December 3, 2009 FDA Alert.

8.      Consistent with the Court's prior ruling in *Raquel,* Plaintiffs agree not to mention the document titled "Neurology Consultant Meeting" (also known as Exhibit 921 to the deposition of Lawrence Carbone and "Carbone 921") and any other suggestions that Depakote should have been prohibited for the treatment of epilepsy in women of childbearing years. However, consistent with the Judge Rosenstengel's ruling related to the *Raquel* trial, Plaintiff

reserves the right to offer evidence that Depakote's labeling should have advised physicians that Depakote should not be used to treat women of childbearing age unless all other medications have failed to control their symptoms or are otherwise unacceptable.

9.      Plaintiffs agree not to mention proposed edits to or drafts of a February 2003 abstract, a 2004 abstract, and/or a December 2003 manuscript reporting North American Antiepileptic Drug Registry data, as well as any documents referring to those draft abstracts and/or manuscript.

10.      Consistent with the Court's prior ruling in *Raquel,* Plaintiffs agree not to refer to codes of business conduct, ethical guidelines, or similar documents that were promulgated by Abbott, the Food and Drug Administration, the Pharmaceutical Research and Manufactures of America, the International Federation of Pharmaceutical Manufacturers, or any other entity (*e.g.,* the Mexico City Principles for Voluntary Codes of Business Ethics in the Biopharmaceutical Sector), without first requesting a ruling on the admissibility of or permissibility of any such reference.

11.      Consistent with the Court's prior ruling in *Kaleta,* Plaintiffs agree not to present photographic and video evidence, including any day-in-the life videos, without first showing copies to Abbott and receiving rulings from the Court to the extent Abbott has any objections.

12.       Plaintiffs agree not to reference any "off-label" prescription or marketing of Depakote and further agree not to reference whether Dawn Fragnoli's use of Depakote was "off-label."

13.      The parties agree that no party shall refer to any Adverse Event Reports ("AERs") concerning the condition or injury of any other person without first requesting a ruling on the admissibility of or permissibility of any reference to any such AER.

3

14.     The parties agree that no party shall refer to the size of any of the law firms of an opposing party's attorney; to the financial status or resources of any party's attorneys or any party's law firms, or any of those attorneys' other businesses or cases; to an opposing party's use of consultants; to hotel accommodations for any of the lawyers, staff, or witnesses participating in trial; or to any party's fee agreement, including, but not limited to, who is paying expenses or who is responsible for expenses in connection with this litigation.

15.     Plaintiffs stipulate that they do not intend to pursue a manufacturing defect claim—whether based on strict liability, negligence, breach of warranty, or any other ground recognized by governing law.

16.     Plaintiffs stipulate that they do not intend to pursue a design defect claim—whether based on strict liability, negligence, breach of warranty, or any other ground recognized by governing law.

17.     Abbott agrees not to mention that a verdict for Plaintiffs will adversely impact pharmaceutical companies' incentive/ability to develop new medications.

18.     Abbott agrees not to mention that an award of damages in any Depakote case will adversely affect the ability of any member of the jury to purchase or have available medications in the future, or affect the cost thereof, or have any adverse effect on the medical or health products available to individuals or industries in the United States or worldwide.

19.     Abbott agrees not to mention that a verdict for Plaintiffs will or could take away a prescription choice from doctors.

20.     Abbott agrees not to mention that any Depakote case may have a negative impact on the stock value of Abbott's or any other publicly-traded pharmaceutical manufacturer.

21.     Abbott agrees not to mention that a verdict for Plaintiffs will or could result in people losing their jobs or lead to lay-offs.

22.     Abbott agrees not to mention that any Depakote case may cause an increase in the cost of purchasing or maintaining insurance.

23.     Abbott agrees not to mention any purported "litigation crisis," "lawsuit crisis," "lawsuit abuse," "lawyer driven litigation," or similar terms and phrases.

24.     Abbott agrees not to mention that Abbott may have limited policy limits or cash, or the effect or results of such judgment upon the insurance rates, premiums, finances, or ability of Abbott to compete in the marketplace.

25.     Abbott agrees not to mention that if Abbott is made to pay a judgment, it may negatively affect the economy in Illinois or any other state.

26.     Abbott agrees not to mention that Plaintiffs' recovery, if any, may be subject to prejudgment interest or judgment interest.

27.     Abbott agrees not to mention that Plaintiffs' recovery, if any, will be increased or enhanced by operation of law.

28.     The parties agree not to mention that the Court has expressed a particular view of the evidence in this case.

29.     The parties agree not to mention (a) the financial status or resources of any attorneys or their law firms, or any of those attorneys' other businesses or cases; (b) the means of travel for any of the lawyers or witnesses involved in this case; and (c) hotel accommodations for any of the lawyers, staff, or witnesses participating in the trial.[1]

---

[1] As the Court held in *Kaleta*, "Abbott contends that use of counsel's private jet for Plaintiffs' witnesses may be relevant to issues of credibility and bias.  That issue will be taken up at the appropriate time during trial."  (Doc. 286.)

5

30. Abbott agrees not to mention Plaintiffs' fee agreement and who is paying expenses or who is responsible for expenses in connection with this litigation.[2]

31. The parties agree not to mention any settlement negotiations offered or demanded by the parties to these lawsuits that have occurred or may occur prior to or during trial.

32. Abbott agrees not to mention the reasons or appropriateness of non-Illinois residents filing and/or pursuing a lawsuit in the Southern District of Illinois.

33. Abbott agrees not to mention that state law should be preempted by federal law.

34. Abbott agrees not to mention certain character evidence regarding Abbott, but if Plaintiffs open the door by attacking the character of Abbott's employees, Abbott may seek to admit testimony on the same issues.

---

[2] As the Court held in *Kaleta*: "Again, evidence relating to the compensation of Plaintiffs' experts may be relevant to issues of credibility and bias." (*Id.*)

So stipulated and agreed, this 7th day of December 2017:


*/s/ John T. Boundas (with consent)*
John T. Boundas
jboundas@williamskherkher.com
Williams Kherkher Hart Boundas, LLP
8441 Gulf Freeway
Suite 600
Houston, Texas 77017
(713) 230-2200 (telephone)
(713) 643-6226 (facsimile)

*An Attorney for Plaintiffs Branden Pursley and Dawn Fragnoli*

So stipulated and agreed, this 7th day of December 2017:


*/s/ Dan H. Ball*
Dan H. Ball
dhball@bryancave.com
Bryan Cave LLP
211 North Broadway, Suite 3600
St. Louis, Missouri 63102
(314) 259-2000 (telephone)
(314) 259-2020 (facsimile)

*An Attorney for Defendant Abbott Laboratories Inc.*


So ordered this _____ day of _____ 2017, in *Pursley v. Abbott Laboratories Inc.*


Honorable Nancy J. Rosenstengel
United States District Court for the Southern District of Illinois