# EXHIBIT 7

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| H.B., a minor, by STACY BARTOLINI, individually and as parent and next friend of H.B., , | ) ) ) ) |
| Plaintiffs, | ) Case No. 17-CV-1146-SMY-SCW ) |
| vs. | ) ) |
| ABBOTT LABORATORIES INC., | ) ) |
| Defendant. | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge**

Pending before the Court are the motions *in limine* filed by Plaintiffs H.B., a minor, by Stacy Bartolini, Individually and as Parent and Next Friend (Doc. 18) and Defendant Abbott Laboratories Inc. (Docs. 15, 17, 19, 22, 23, 26, 27, 28, 29 and 30).

The purpose of a motion *in limine* is to allow the trial court to rule on the relevance and admissibility of evidence before it is offered at trial. *See Luce v. United States*, 469 U.S. 38, 41, n.4 (1984)("although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials"). It serves to "aid the trial process by enabling the court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Wilson v. Williams,* 182 F.3d 562, 566 (7th Cir. 1999) (citing *Palmieri v. Defaria,* 88 F.3d 136, 141 (2nd Cir. 1996).

Motions *in limine* also may save the parties time, effort, and cost in preparing and

presenting their cases. *Pivot Point Intern., Inc. v. Charlene Products, Inc.*, 932 F. Supp. 220, 222 (N.D. Ill. 1996). Often, however, the better practice is to wait until trial to rule on objections, particularly when admissibility substantially depends upon facts which may be developed there. *Jonasson v. Lutheran Child and Family Services,* 115 F.3d 436, 440 (7th Cir. 1997).

The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground, "for any purpose." *Plair v. E.J. Brach & Sons, Inc.*, 864 F. Supp. 67, 69 (N.D. Ill. 1994). The court may deny a motion *in limine* when it "lacks the necessary specificity with respect to the evidence to be excluded." *Nat'l Union Fire Ins. Co. of Pittsburgh v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996). Moreover, the court may alter an *in limine* ruling based on developments at trial or sound judicial discretion. *Luce*, 469 U.S. at 41. "Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp. 1398, 1401 (N.D. Ill. 1993). Denial only means that the court cannot decide admissibility outside the context of trial. *Plair*, 864 F. Supp. at 69.

A court may reserve judgment until trial, so that the motion *in limine* is placed "in an appropriate factual context." *Nat'l Union*, 937 F. Supp. at 287. Stated another way, motion *in limine* rulings are "subject to change when the case unfolds" at trial. *Luce*, 469 U.S. at 41. Indeed, "even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Id*. The Court should exclude evidence on a motion *in limine* "only when the evidence is clearly inadmissible on all potential grounds." *Jonasson,* 115 F.3d at 440.

With these principles in mind and in consideration of the parties' motions and briefs

and the arguments made by counsel during the final pretrial conference on November 15, 2017, the Court rules as follows:

**Plaintiffs' Motions *in Limine:***

- Plaintiffs' Motion *in limine* No. 1 – Plaintiffs move to exclude any comment, evidence, testimony, argument, or inference, reflecting that Plaintiffs received, may be entitled to receive, or will receive, benefits of any kind or character from any housing, Medicaid, state sponsored program, or private insurance; and that any insurance has been received by Plaintiffs, or that he has been entitled to receive or may receive any insurance benefits for the injuries or damages in this case. The motion is **GRANTED**. The collateral source doctrine permits an injured person to recover the full amount of his or her provable damages, "regardless of the amount of compensation which the person has received for his injuries from sources unrelated to the tortfeasor." *Haischer v. CSX Transp., Inc.*, 381 Md. 119, 132, 848 A.2d 620, 627 (2004).

- Plaintiffs' Motion *in limine* No. 2 – Plaintiffs move to exclude any comment, evidence, testimony, argument, or inference that Plaintiff should not be able to recover damages for the future cost of care and supervision because family members or friends may be able to take care of him. Evidence of any future care that might be provided by H.B's family members is purely speculative and inadmissible. Accordingly, the motion is **GRANTED**.

- Plaintiffs' Motion *in limine* No. 3 – Plaintiffs move to exclude any comment, evidence, testimony, argument, or inference that Abbott cannot be liable for Plaintiff H.B.'s injuries caused by Depakote because Abbott received FDA approval for Depakote. The motion is **GRANTED** to the extent that Defendant is prohibited from suggesting or arguing to the jury that FDA approval of Depakote is a complete defense to Plaintiffs' claims.

- Plaintiffs' Motion *in limine* No. 4 – Plaintiffs move to exclude any comment, evidence, argument, or discussion that Abbott was prohibited from changing the Depakote label without prior approval from the FDA. The motion cannot be properly addressed outside the context of the flow of evidence at trial. Accordingly, the motion is **DENIED without prejudice**.

- Plaintiffs' Motion *in limine* No. 5 – Plaintiffs move to exclude any comment, evidence, testimony, inference, argument, or suggestion that mischaracterizes the meaning or significance of the FDA's "Pregnancy Categories" included on certain prescription drug labels. The motion cannot be properly addressed outside the context of the flow of evidence at trial. Accordingly, the motion is **DENIED without prejudice**.

- Plaintiffs' Motion *in limine* No. 6 – Plaintiffs move to exclude any comment, evidence, testimony, inference, argument or suggestion that implies that it is the FDA's responsibility to conduct post-market studies of prescription drugs or that Abbott did all that the FDA asked of it. The motion is **GRANTED in part and DENIED in part**.

Any statements implying that the FDA had a legal duty to conduct post-market studies of medication will be excluded. However, whether Defendant did all that the FDA asked of it cannot be properly addressed outside the context of the flow of evidence at trial.

- Plaintiffs' Motion *in limine* No. 7 – Plaintiffs move to exclude any comment, evidence, testimony, argument, or inference regarding Plaintiff's decision to call or not to call a witness live at trial; specifically, but not limited to, any of Plaintiff H.B.'s family members, Stacy Bartolini's treating physicians, and Plaintiff H.B.'s treating physicians. Defendant is not entitled to an adverse inference from the absence of a witness, including Plaintiff Stacy Bartolini. Accordingly, the motion is **GRANTED**.

- Plaintiffs' Motion *in limine* No. 8 – Plaintiffs move to exclude any evidence, argument, and testimony regarding the alleged fault of Stacy Bartolini, including (1) her alleged knowledge of Depakote's risks prior to her pregnancy with Plaintiff H.B. or (2) any allegations that she was somehow negligent in taking or using Depakote. The issues in this case revolve around whether or not Defendant adequately warned Stacy Bartoloni's prescribing physicians. As such, any knowledge she may have had regarding any risks associated with the use of Depakote, other than that which she gained from her prescribing physician is irrelevant immaterial and will likely serve to confuse the jury. Accordingly, the motion is **GRANTED**.

- Plaintiffs' Motion *in limine* No. 9 – Plaintiffs move to exclude any evidence, argument, and testimony that Stacy Bartolini's prescribing physician, Dr. Stewart Bramson, was negligent in prescribing Depakote to Stacy Bartolini. The motion is **GRANTED without objection**.

- Plaintiffs' Motion *in limine* No. 10 – Plaintiffs move to exclude any comment, evidence, testimony, argument, inference or documents that relate to Stacy Bartolini's sexual history. Stacy Bartolini's sexual history is irrelevant to the claims and defenses in this case. Accordingly, the motion is **GRANTED**.

- Plaintiffs' Motion *in limine* No. 11 – Plaintiffs move to exclude any comment, evidence, testimony, argument, inference or document that references Stacy Bartolini's alleged drug use. Stacy Bartolini's alleged drug use is irrelevant and immaterial to the claims and defenses in this case. Accordingly, the motion is **GRANTED**.

- Plaintiffs' Motion *in limine* No. 12 – Plaintiffs move to exclude any comment, evidence, testimony, argument, inference or document that references Daniel Bartolini, Sr.'s treatment for depression. The motion is **GRANTED without objection**.

- Plaintiffs' Motion *in limine* No. 13 – Plaintiffs move to exclude any comment, evidence, testimony, argument, inference or document that references Daniel Bartolini, Jr.'s treatment for bipolar disorder. The motion is **GRANTED without objection**.

- Plaintiffs' Motion *in limine* No. 14 – Plaintiffs move to exclude any comment, evidence, testimony, argument, inference or document that references statements made by Stacy

4

Bartolini that, if she was not taking Depakote, she wanted to "choke people." This statement is irrelevant and immaterial to the claims and defenses in this case and is highly prejudicial. Accordingly, the motion is **GRANTED**.

- Plaintiffs' Motion *in limine* No. 15 – Plaintiffs move to exclude any comment, evidence, testimony, argument, inference or document that references Stacy Bartolini's two miscarriages. The motion is **GRANTED without objection**.

- Plaintiffs' Motion *in limine* No. 16 – Plaintiffs move to exclude any comment, evidence, testimony, argument, inference or document that references Stacy Bartolini's alleged prior alcohol abuse. Stacy Bartolini's alleged alcohol abuse is irrelevant and immaterial to the claims and defenses in this case and is highly prejudicial. Accordingly, the motion is **GRANTED.**

- Plaintiffs' Motion *in limine* No. 17 – Plaintiffs move to exclude any comment, evidence, testimony, argument, inference or document that references Stacy Bartolini's alleged history of cigarette smoking. The motion is **GRANTED without objection**.

- Plaintiffs' Motion *in limine* No. 18 – Plaintiffs move to exclude any comment, evidence, testimony, argument, inference or document that references statements in medical records that Stacy Bartolini was unable to care for her first child. Such evidence is irrelevant and immaterial to the claims and defenses in this case and is highly prejudicial. Accordingly, the motion is **GRANTED**.

- Plaintiffs' Motion *in limine* No. 19 – Plaintiffs move to exclude any comment, evidence, testimony, argument, inference or document that references statements in medical records regarding Stacy Bartolini's alleged history of self-harm. Such statements are irrelevant and immaterial to the claims and defenses in this case and are highly prejudicial. Accordingly, the motion is **GRANTED**.

- Plaintiffs' Motion *in limine* No. 20 – Plaintiffs move to exclude any comment, evidence, testimony, argument, inference or document that references Stacy Bartolini's alleged prior overdose on aspirin. Stacy Bartolini's alleged overdose on aspirin is irrelevant and immaterial to the claims and defenses in this case. Accordingly, the motion is **GRANTED**.

- Plaintiffs' Motion *in limine* No. 21 – Plaintiffs move to exclude any comment, evidence, testimony, argument, inference or document that references certain medical records, including but not limited to Dr. Griffith's medical records that discuss Stacy Bartolini's personal issues, such as marital problems or difficulty with Daniel Bartolini, Sr. providing for the children. The motion is **GRANTED without objection**.

- Plaintiffs' Motion *in limine* No. 22 – Plaintiffs move to exclude any comment, evidence, testimony, argument, inference or document that references or relates to Stacy Bartolini's feelings of guilt or fault for Plaintiff H.B.'s injuries. The motion is **GRANTED without objection**.

5

- Plaintiffs' Motion *in limine* No. 23 – Plaintiffs move to exclude any comment, evidence, testimony, argument, inference or document regarding or relating to Stacy Bartolini's receipt of Social Security or disability benefits or the conditions for which she receives benefits. Evidence that Stacy Bartolini receives Social Security disability benefits is irrelevant and immaterial to the claims and defenses in this case. To the extent such evidence is probative of the fact that she suffers from severe bipolar disorder, the evidence is likely to mislead and confuse the jury. As such, under FRE 403, the probative value of this evidence is outweighed by the prejudicial effect. Accordingly, pursuant to F.R.E. 401, the motion is **GRANTED**.

- Plaintiffs' Motion *in limine* No. 24 – Plaintiffs move to exclude any comment, evidence, testimony, argument, inference or document regarding or relating to Plaintiffs' family history of Down's Syndrome. The motion is **GRANTED without objection**.

- Plaintiffs' Motion *in limine* No. 25 – Plaintiffs move to exclude any comment, evidence regarding or, testimony, argument, inference or document relating to Dr. Tamison Jewett's note regarding Depakote's 20-40 fold increased risk for spina bifida, any warnings Dr. Jewett gave to Stacy Bartolini, and/or any antagonistic communications between Dr. Jewett and Stacy Bartolini. Dr. Jewett's knowledge and opinions as to the risks associated with the use of Depakote are irrelevant and inadmissible. Additionally, any knowledge Stacy Bartolini may have had about those risks, other than that which she gained from her prescribing physician, is irrelevant immaterial and will likely serve to confuse the jury. Accordingly, the motion is **GRANTED**.

- Plaintiffs' Motion *in limine* No. 26 – Plaintiffs move to exclude any comment, evidence regarding or, testimony, argument, inference or document regarding or relating to Stacy Bartolini's alleged consideration of future pregnancies after Plaintiff H.B.'s birth. Whether or not Stacy Bartolini considered future pregnancies aftter H.B.'s birth is irrelevant and immaterial to the claims and defenses in this case. Accordingly, the motion is **GRANTED**.

- Plaintiffs' Motion *in limine* No. 27 – Plaintiffs move to exclude any evidence, argument, or discussion regarding or relating to Stacy Bartolini's alleged lack of prenatal care during her pregnancy with Plaintiff H.B. The motion is **GRANTED without objection**.

- Plaintiffs' Motion *in limine* No. 28 – Plaintiffs move to exclude any evidence, argument, or discussion regarding or relating to Stacy Bartolini's use of Depakote during any of her other pregnancies aside from her pregnancy with Plaintiff H.B. Whether or not Stacy Bartolini used Depakote during any of her pregnancies aside from her pregnancy with H.B. is irrelevant and immaterial to the claims and defenses in this case. Accordingly, the motion is **GRANTED**.

**Defendant's Motions *in Limine*:**

- Defendant's Motion *in limine* No. 1 – Defendant moves to preclude Plaintiffs and their experts from using later scientific data or literature to argue or suggest that that the warnings in the Depakote label relevant in this case was inadequate. The Court **RESERVES RULING** on this motion subject to an offer of proof at trial.

- Defendant's Motion *in limine* No. 2 – Defendant moves exclude testimony, evidence, argument or reference to Thalidomide or Accutane, including any warnings or programs accompanying those drugs. This motion is **TAKEN UNDER ADVISEMENT** until the Court rules on Defendant's *Daubert* motion regarding Dr. Oakley's "top three" opinion.

- Defendant's Motion *in limine* No. 3 – Defendant moves to exclude testimony, evidence, argument, and other references to promotional, marketing, or sales activities and materials. Defendant's Depakote promotional, marketing, sales activities and materials are relevant to the issue of what Defendant knew about Depakote's risks and Depakote's proper use for women of childbearing years. Accordingly, the motion is **DENIED**.

- Defendant's Motion *in limine* No. 4 – Defendant moves to preclude certain testimony from Plaintiffs' experts regarding irrelevant aspects of their backgrounds. Specifically, Defendant asserts that, at a minimum, Dr. David Kessler should not be permitted to testify about: (i) the FDA's role in adding folic acid to the food supply; (ii) nutrition labeling for foods products, and (iii) the regulation of tobacco. Dr. Godfrey Oakley should not be permitted to testify about his role in: (i) adding folic acid to the food supply and awards relating to the same; and (ii) his current project regarding folate and strokes. The motion is **WITHDRAWN**.

- Defendant's Motion *in limine* No. 5 – Defendant moves to exclude duplicative testimony during the upcoming trial in this case. Specifically, during the depositions of Abbott company witnesses, Plaintiffs have repeatedly asked multiple witnesses about the same topic or same exhibit, and have repeatedly designated numerous passages of that duplicative testimony for prior trials. The motion cannot be properly addressed outside the context of the flow of evidence at trial. Accordingly, the motion is **DENIED without prejudice**.

- Defendant's Motion *in limine* No. 6 – Defendant moves to exclude testimony whereby Plaintiffs have Abbott witnesses (1) merely confirm that Plaintiffs' attorneys have accurately read aloud the words that appear on hearsay documents or (2) have the witnesses merely recite themselves the words that appear on those exhibits, without providing any admissible, substantive testimony based on the witnesses' own personal knowledge. The motion cannot be properly addressed outside the context of the flow of evidence at trial. Accordingly, the motion is **DENIED without prejudice**.

- Defendant's Motion *in limine* No. 7 – Defendant moves to exclude evidence, argument, testimony, or any other reference to Mrs. Bartolini's post-conception drug use. The fact that Mrs. Bartolini took alternative medications to Depakote after H.B.'s conception and

7

birth is relevant to the asserted defenses in this case. Accordingly, the motion is **DENIED**.

- Defendant's Motion *in limine* No. 8 – Defendant moves to preclude Plaintiffs from introducing evidence regarding the medical conditions of H.B.'s siblings, whom they allege were not exposed *in utero* to Depakote. The motion is **GRANTED without objection**.

- Defendant's Motion *in limine* No. 9 – Defendant moves to exclude evidence, testimony, argument, and other references to two draft abstracts1 and a draft manuscript reporting North American Antiepileptic Drug ("NAAED") Registry data, including, but not limited to, Abbott's suggested edits to those drafts. Specifically, Abbott seeks to exclude edits to and drafts of: (1) 2003 and 2004 abstracts titled: "Evidence of Increased Birth Defects in the Offspring of Women Exposed to Valproate during Pregnancy: Findings from the AED Pregnancy Registry," and (2) a manuscript entitled, "Valproate Monotherapy Is a Potent Teratogen in Humans." The draft abstracts and manuscripts are relevant as to whether and to what extent Defendant's marketing decisions impacted the label. The probative value of this evidence is not outweighed by the danger of any unfair prejudice or confusion. Accordingly, the motion is **DENIED**.

- Defendant's Motion *in limine* No. 10 – Defendant moves to exclude all evidence, testimony, or references to foreign product labeling. Evidence of foreign product labeling is relevant to the issue of Defendant's knowledge risks associated with the use of Depakote during a relevant time period. Accordingly, the motion is **DENIED**.

**IT IS SO ORDERED.**

**DATED: November 16, 2017**

        **s/ Staci M. Yandle**
        **STACI M. YANDLE**
        **United States District Judge**