# EXHIBIT 3

```
                    UNITED STATES OF AMERICA
                   SOUTHERN DISTRICT OF ILLINOIS


RHEALYN ALEXANDER, et al.,     )
                               )
              Plaintiffs,      )
v.                             ) No. 12-cv-52-NJR-SCW
                               )
ABBOTT LABORATORIES, INC.,     ) East St. Louis, Illinois
                               )
              Defendant.       )




              TRANSCRIPT OF STATUS CONFERENCE


       BEFORE THE HONORABLE NANCY J. ROSENSTENGEL
              UNITED STATES DISTRICT JUDGE


                      June 30, 2014






REPORTED BY:          Christine A. Dohack, RMR, CRR,
                      Official Court Reporter
                      301 West Main Street
                      Benton, Illinois  62812
                      (618) 439-7725
                      Christine_Dohack@ilsd.uscourts.gov

Proceedings recorded by mechanical stenography, produced
by computer-aided transcription.
```

```
 1              MR. WILLIAMS:  No, ma'am.  If I may?  If I may
 2   share my experience?  I had, one time I tried 282
 3   plaintiffs, asbestos clients, individual plaintiffs, in a
 4   three-month trial.  And we all had notebooks and kept
 5   track of it, and pictures and stuff.
 6              And during that, in my numerous years, tried lots
 7   of cases with five and ten plaintiffs at a time.  And if
 8   you give a jury a notebook and they have a picture and
 9   they have a list of the witnesses and stuff that they can
10   keep, if the Court were to allow them to take notes and
11   stuff, it is actually very interesting and very surprising
12   that people can clearly tell the, you know, keep the facts
13   straight about the three.
14              So, I'm going to perhaps, unless you just tell me,
15   "shut up," but if you'll allow me, I may bring that up
16   again in the future.
17              THE COURT:  Okay.  I appreciate that.  I -- what
18   -- what's the defendant's position on that?
19              MR. STRAIN:  Your Honor, we find ourselves in
20   complete agreement with the plaintiffs, but not with Mr.
21   Williams as he spoke now.  We found ourselves in complete
22   agreement with what the plaintiffs said in writing to the
23   Seventh Circuit which we set forth in our most recent
24   filing, and they listed all the reasons why a joint trial
25   of plaintiffs in these personal injury cases would be
```

1   impractical and unfair and confusing.
2           Judge Murphy made a similar finding in a much more
3   succinct way on March 12th of 2013 when he said, no, these
4   cases should be tried individually, and he listed quickly
5   one of the defects if they were tried together.
6           And we can pass that up, if the Court would be
7   interested in that transcript.  That's how we got into
8   the, initially into, we're trying one at a time.  Judge
9   Murphy said, no, we're trying one at a time.  That's the
10  fair way to do it.
11          And of course then the plaintiffs in the briefing
12  I refer to, in their briefing to the Seventh Circuit, as
13  we quoted in our recent filing, they listed more
14  eloquently than I can the reasons why a joint trial would
15  be unfair and fraught with potential for error.
16          And I just, I need to disagree for a moment and
17  very bluntly with my friend Mr. Williams.  To say that
18  each additional plaintiff would extend the trial in, by
19  one and a half days, I'm afraid that is grossly wrong.  In
20  the Bonner case -- and I'm just trying to do it in my head
21  and I don't have a list -- there must have been ten
22  individual witnesses in that case on the specific issues,
23  not the general issues, on the specific issues, half
24  experts and half not experts.  I may be low on that, there
25  may be more like six or seven case-specific experts.

```
 1              It would be ambitious if you allocated less than
 2    one week for each additional plaintiff tried in any
 3    multi-plaintiff case.
 4              And I think that's one of the reasons why there is
 5    virtually no precedent, no precedent for a judge doing it,
 6    to my knowledge, in the first bellwether tried, trying two
 7    at once.  Judges, in my experience, always want to try the
 8    first one as one.  And almost invariably in pharmaceutical
 9    cases, the cases are tried individually.  There have been
10    exceptions, but they have been rare and there are good
11    reasons for that.
12              So, when the Court extends Mr. Williams the
13    courtesy of raising that again, as I know you will, I know
14    you'll extend us the courtesy of explaining why we think
15    the courts that have rejected that are so right.
16              THE COURT:  Absolutely.  I'll keep my mind on
17    that.  It just seems easier doing the first one being one
18    plaintiff.
19              MR. STRAIN:  Thank you, Your Honor.
20              THE COURT:  You're welcome.  Anything else?
21              MR. BALL:  Could I ask one question, just
22    logistical to get it right?
23              THE COURT:  Sure.
24              MR. BALL:  You're going to give us your selection
25    of cases in order.  Should the parties then, among
```

```
 1                    REPORTER'S CERTIFICATE
 2           I, Christine A. Dohack, Registered Merit Reporter
 3   and Certified Realtime Reporter in and for the United
 4   States District Court for the Southern District of
 5   Illinois, do hereby certify that I was present at and
 6   reported in machine shorthand the proceedings in the
 7   above-mentioned court; and that the foregoing transcript
 8   is a true, correct, and complete transcript of the
 9   electronic recording.
10           I further certify that I am not an attorney for,
11   nor employed by, nor related to any of the parties or
12   attorneys in this action, nor financially interested in
13   the action.
14           I further certify that this transcript contains
15   pages 1-42 and that this reporter takes no responsibility
16   for missing or damaged pages of this transcript when same
17   transcript is copied by any party other than this
18   reporter.
19           IN WITNESS WHEREOF, I have hereunto set my hand at
20   Benton, Illinois, this 1st day of July, 2014.
21
22                        s/Christine A. Dohack, RMR, CRR
23                        _____
24                        Christine A. Dohack, RMR, CRR
25
```